*E-FILED - 5/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFRED WAYNE PARKER, SR., | ) | No. C 05-2771 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT |
| v. | ) | |
| DEPUTY R. KAY, et. al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials of the Contra Costa County Sheriff's Department ("CCCSD")for their actions while plaintiff was incarcerated at the Contra Costa County Jail ("CCCJ"). On January 7, 2008, after reviewing the amended complaint, the court dismissed the claims against the "Doe" defendants, and found the claims, when liberally construed, cognizable against the two named defendants, Contra Costa County Sheriff's "Deputy Diane, on duty at ton January 6, 2005 at the intake counter at the County Jail in Martinez," and Contra Costa County Sheriff's Deputy R. Kay. Additionally, in its January 7, 2008 order, the court directed the United States Marshal to serve these two defendants at the CCCJ and the CCCSD, where plaintiff indicated they were located. The Marshal returned the summons indicating that such defendants had not

Order Directing Plaintiff to Effectuate Service upon or Provide Court with Location Information for Unserved Defendant
G:\PRO-SE\SJ.Rmw\CR.05\Parker771ord4m.wpd    1

been served.

On May 19, 2008, Bernard Knapp a Deputy County Counsel for the County of Contra Costa filed a declaration and correspondence with the Marshall's office regarding the Marshal's attempt to serve these defendants. Mr. Knapp states in his declaration, consistent with the Marshal's notations on the returned summonses, that there has been no Sheriff's Deputy "R. Kay" or "any likely variant thereof" employed at the CCCJ or the CCCSD at any time, including the time of events alleged in the amended complaint. Similarly, there has been no deputy employed at the CCCSD or CCCJ with the last name "Diane." While there was one CCCSD deputy with the first name "Diane" at the time alleged in the amended complaint, that person has retired and no longer works at the CCCSD.

In cases such as this, wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendant. See Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendants, plaintiff must remedy the situation or face dismissal of his claims against said defendant without prejudice. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself effect service on defendants "Deputy Diane"

1  and "Deputy R. Kay," provide the Court with accurate and current identifying and location
2  information for these individuals, such that the Marshal is able to effect service upon them.  <u>If
3  plaintiff fails to effectuate service on defendants, or provide the Court with accurate and current
4  identifying and location information for these defendants, within **thirty (30) days** of the date this
5  order is filed, plaintiff's claims will be dismissed pursuant to Rule 4(m) of the Federal Rules of
6  Civil Procedure; the dismissal will be without prejudice to plaintiff refiling his complaint with
7  such information.</u>

8       IT IS SO ORDERED.
9  DATED:  5/27/08                           /s/ Ronald M. Whyte
                                              RONALD M. WHYTE
10                                            United States District Judge

Order Directing Plaintiff to Effectuate Service upon or Provide Court with Location Information for Unserved Defendant
G:\PRO-SE\SJ.Rmw\CR.05\Parker771ord4m.wpd       3