*E-FILED - 8/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFRED WAYNE PARKER, SR., | ) | No. C 05-2771 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL WITHOUT PREJUDICE; DENYING MOTIONS TO COMPEL |
| v. | ) | |
| DEPUTY R. KAY, et. al., | ) | |
| | ) | (Docket Nos. 34 & 35) |
| Defendants. | ) | |

On July 6, 2005, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials of the Contra Costa County Sheriff's Department ("CCCSD") for their actions while plaintiff was incarcerated at the Contra Costa County Jail ("CCCJ"). On January 7, 2008, after reviewing the amended complaint, the court dismissed the claims against the "Doe" defendants, and found the claims, when liberally construed, cognizable against the two named defendants, Contra Costa County Sheriff's "Deputy Diane, on duty on January 6, 2005 at the intake counter at the County Jail in Martinez," and Contra Costa County Sheriff's Deputy "R. Kay." Additionally, in its January 7, 2008 order, the court directed the United States Marshal to serve these two defendants at the CCCJ and the CCCSD, where plaintiff indicated they were located. The Marshal returned the summons unexecuted, indicating that such defendants had not been served because there were no such individuals located at the

1  CCCJ or CCCSD.

2        On May 19, 2008, Bernard Knapp, a Deputy County Counsel for the County of Contra
3  Costa, made a special appearance by filing with the court a declaration, and attaching
4  correspondence between himself and the Marshal's office regarding the Marshal's attempt to
5  serve these defendants. Mr. Knapp states in his declaration, consistent with the Marshal's
6  notations on the returned summonses, that there has been no Sheriff's Deputy "R. Kay" or "any
7  likely variant thereof" employed at the CCCJ or the CCCSD at any time, including the time of
8  events alleged in the amended complaint. (Knapp Decl. at 2:8-13.) Similarly, there has been no
9  deputy employed at the CCCSD or CCCJ with the last name "Diane." (<u>Id.</u> at 2:14-15.) While
10 there was one CCCSD deputy with the first name "Diane" at the time alleged in the amended
11 complaint, she was not working at intake at the Martinez jail on the date specified in the
12 complaint. (<u>Id.</u> at 2:15-18.) That person has retired and no longer works at the CCCSD. (<u>Id.</u> at
13 2:15-19.)

14       On May 29, 2008, the court ordered plaintiff to "either himself effect service on
15 defendants "Deputy Diane" and "Deputy R. Kay," provide the Court with accurate and current
16 identifying and location information for these individuals, such that the Marshal is able to effect
17 service upon them." The court further cautioned plaintiff that, "<u>[i]f plaintiff fails to effectuate</u>
18 <u>service on defendants, or provide the Court with accurate and current identifying and location</u>
19 <u>information for these defendants, within **thirty (30) days** of the date this order is filed, plaintiff's</u>
20 <u>claims will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the</u>
21 <u>dismissal will be without prejudice to plaintiff refiling his complaint with such information.</u>"
22 More than thirty days have passed, and plaintiff has not provided the court with any further
23 identifying or location information for defendants "Deputy Diane" and "Deputy R. Kay."
24 Consequently, plaintiff's claims against them will be dismissed without prejudice.

25       Plaintiff has filed two motions to compel discovery, pursuant to Rule 37 of the Federal
26 Rules of Civil Procedure and Local Rule 37-251. In his motions, plaintiff seeks to compel Mr.
27 Knapp to provide him with the last name of "Deputy Diane." Mr. Knapp is not a party, nor is he
28 counsel to a party that has appeared in this action. As a result, a motion to compel him to

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.05\Parker771dis4m.wpd    2

1  produce discovery under Rule 37 or Local Rule 37-251 cannot be granted.  Moreover, even if
2  Mr. Knapp had a last name for "Diane," it appears that she is not the same "Diane" that plaintiff
3  sues, as she was not working at intake on the date specified in the complaint.  There is no
4  indication, in any event, that Mr. Knapp knows this individual's current location, as she has
5  retired from service.   Accordingly, plaintiff's motions to compel (Docket Nos. 34 & 35) are
6  DENIED.

7        In light of the foregoing, the instant action is DISMISSED without prejudice to refiling in
8  an action in which plaintiff either provides accurate and current identifying and location
9  information for all defendants, or himself effectuates service of the summons and complaint
10 upon the defendants.

11       The clerk shall close the file, and terminate all pending motions.

12       IT IS SO ORDERED.
13 DATED: __8/12/08__        *Ronald M. Whyte*
14                                                              RONALD M. WHYTE
                                                             United States District Judge